UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROCHELLE BEAULIEU, | CIVIL ACTION NO. |
| Plaintiff | SECTION: |
| vs | MAGISTRATE: |
| BOC, LLC, a New York limited liability company, | **JURY TRIAL DEMANDED** |
| Defendant | |

_____

## CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff, ROCHELLE BEAULIEU (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendants reside and/or do business in the Eastern District of Louisiana. Venue is also proper in this District

because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in New Orleans, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. BOC, LLC (hereinafter referred to as "DEFENDANT") is a New York limited liability company, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. In July of 2014, DEFENDANT began placing calls to PLAINTIFF's cell phone number, in an attempt to collect a consumer debt from PLAINTIFF. DEFENDANT left the following scripted and pre-recorded messages, respectively:

> This message is intended for Rochelle Beaulieu, claim number 501-5975. If this is not Rochelle disregard this message or contact us so we can update our records. This is Mike Carol calling in regards to a file that was submitted into my office. I need to verify information so you have the opportunity to address the claim and or claims against you. At this point you're required to contact our firm to discuss a voluntary resolution to this matter. We can be reached at 855-893-7266. Claim number on your file is 501-5975.

> This message. This message is solely intended for <Rochelle Beaulieu>. If you are not <Rochelle Beaulieu>, please hang up now and disregard this message. We are handling a claim in our office. We are making every effort to reach you in order to resolve this matter voluntarily and at this time we are waiting to hear from you. Press 0 to speak with your representative or call us now at 855-847-8504. The file number is <501-5975>. Please contact our firm immediately to prevent a default status on this claim. Again press 0 now or you may be subjected to a default status within our firm.

11. Neither the scripted nor the pre-recorded message identifies the name of the debt collection company, that the call was an attempt to collect a debt, that any information obtained will be used for that purpose, or that the communication was from a debt collector.

12. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

13. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 12 inclusive, above.

14. These claims for relief are brought by PLAINTIFF individually and on behalf of the following class: A class consisting of nationwide consumers who:

   a. Within one year prior to the filing of this action;

   b. Received a scripted or pre-recorded message from DEFENDANT;

   c. Which failed to conform to 15 U.S.C. § 1692e(11) in that it did not:

      i. Identify that the call was an attempt to collect a debt;

      ii. Identify that any information obtained will be used for that purpose; nor

      iii. Identify that the communication was from a debt collector; or

   d. Which failed to conform to 15 U.S.C. § 1692d(6) in that it did not disclose the caller's identity.

15. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

16. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## **FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692d(6) and e(2), e(11)**
**BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS**

17. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 16 inclusive, above.

18. A debt collector is required to disclose in the initial communication "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" and in subsequent communications "that the communication is from a debt collector". 15 U.S.C. §1692e(11).

19.     Further, a debt collector is prohibited from placing "telephone calls without meaningful disclosure of the caller's identity". 15 U.S.C. § 1692d(6).

20.     In July of 2014, DEFENDANT began placing calls to PLAINTIFF'S phone number in connection with the collection of a consumer debt.  DEFENDANT left the following scripted and pre-recorded messages, respectively, on PLAINTIFF'S cell phone:

> This message is intended for Rochelle Beaulieu, claim number 501-5975.  If this is not Rochelle disregard this message or contact us so we can update our records. This is Mike Carol calling in regards to a file that was submitted into my office. I need to verify information so you have the opportunity to address the claim and or claims against you.  At this point you're required to contact our firm to discuss a voluntary resolution to this matter. We can be reached at 855-893-7266. Claim number on your file is 501-5975.

> This message. This message is solely intended for <Rochelle Beaulieu>. If you are not <Rochelle Beaulieu>, please hang up now and disregard this message. We are handling a claim in our office. We are making every effort to reach you in order to resolve this matter voluntarily and at this time we are waiting to hear from you. Press 0 to speak with your representative or call us now at 855-847-8504. The file number is <501-5975>. Please contact our firm immediately to prevent a default status on this claim. Again press 0 now or you may be subjected to a default status within our firm.

21.     DEFENDANT's scripted and pre-recorded messages fail to identify the name of the debt collector in an attempt to trick the consumer into calling DEFENDANT back.

22.     Further, DEFENDANT's scripted and pre-recorded messages fail to identify that the call was an attempt to collect a debt and that any information obtained will be used for that purpose, or that the communication was from a debt collector.

23.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

24. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

25. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

///

///

///

(6)     For any and all other relief this Court may deem appropriate.

DATED this 4th day of August 2014.

              **THE BOURASSA LAW GROUP, LLC**

           */s/ Keren E. Gesund, Esq.*
           Keren E. Gesund, Esq.
           Louisiana Bar No. 34397
           166 Country Club Drive
           New Orleans, LA 70124
           Tel: (702) 300-1180
           gesundk@gesundlawoffices.com
           Attorney for Plaintiff